CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 17, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **DONSHEA O. DEANS, SR.,** | ) |
| Plaintiff, | ) Case No. 7:24-cv-00480 |
| | ) |
| v. | ) |
| | ) By: Michael F. Urbanski |
| **JEFFREY ARTRIP, et al.,** | ) Senior United States District Judge |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Donshea O. Deans, Sr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983. His original complaint spanned more than 300 pages and named more than 80 defendants. By order entered July 29, 2024, the court advised Deans that the complaint failed to comply with applicable pleading requirements and included improperly joined claims and defendants. ECF No. 4. The court directed Deans to file an amended complaint that comported with the requirements set forth in the order. Deans has since filed an amended complaint against 24 defendants, along with more than 400 pages of exhibits. ECF No. 5.

The case is presently before the court for review under 28 U.S.C. § 1915A(a) and for compliance with the previous order. For the reasons set forth below, the meal-related claims asserted in the amended complaint against nine defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted. The other claims will be severed into a separate action pursuant to Federal Rule of Civil Procedure 21. The motion for appointment of counsel accompanying the original complaint, ECF No. 2, will be denied without prejudice.

## I. Summary of Allegations and Claims

**A. Meal-Related Claims**

Deans was previously incarcerated at Wallens Ridge State Prison (WRSP). His amended complaint includes a variety of claims arising from incidents that allegedly occurred at that facility. The first group of claims is titled "Food Service Violations of Named Defendants." Am. Compl., ECF No. 5, at 2. Deans then lists the following defendants: R. Brock, S. Stallard, M. Engelke, Correctional Officer Farmer, Correctional Officer Smith, Sergeant Fields, Lieutenant Kimberlin, Investigator Adair, and Investigator Fleming. Deans alleges that Farmer and Smith were responsible for serving "unfit" food; that Fields and Kimberlin were aware that unfit food had been served; and that Adair and Fleming failed to investigate the problem. Id. Engelke is the Director of Food Services for the Virginia Department of Corrections, and Deans identifies Brock and Stallard as being members of Food Services Management at WRSP. Id.

The amended complaint does not specify what or when "unfit" food products were served at WRSP. Exhibits submitted with the amended complaint include several grievances complaining of meal-related issues. On January 17, 2024, Deans filed a written complaint requesting prepackaged coffee and alleging that his breakfast tray contained a rotten banana. ECF No. 5-7 at 8.* On February 1, 2024, Deans complained of receiving "filthy contaminated coffee unfit for human consumption twice in one weekend." ECF No. 5-6 at 10. He

---

\* For ease of reference, the court will cite to the exhibits using the document and page numbers assigned by the court's CM/ECF system.

2

subsequently filed a regular grievance alleging that he had received coffee that tasted like dish detergent. Id. at 58.

On March 4, 2024, Deans filed a regular grievance requesting to receive bread for breakfast as part of the sealed religious diet. Id. at 46. Deans asserted that his breakfast trays either included no bread or "bland kosher plant bread." Id.

On March 6, 2024, Deans filed a written complaint alleging that the meal trays that he received that day did not contain a "refined sugar product," fruit, or "pepper packs." ECF No. 5-7 at 41. The written complaint was forwarded to the food services department and defendant Brock provided the following response: "Anytime there is [an] item missing on a tray have the officer call the kitchen and it will be replaced." Id.

On March 7, 2024, Deans filed a regular grievance alleging that he had received a meal tray containing "an open bread pack with only one slice of bread," a "punctured juice pouch," and "rotten milk." ECF No. 5-6 at 94. He refused to remove the tray from his cell's tray slot and requested to speak to a supervisor. Id. On March 18, 2024, Deans submitted a written complaint asserting that items had been missing from his tray that day and that he had received "spoiled dairy milk for a drink beverage." ECF No. 5-7 at 7.

**B.     Assault-Related Claims**

In his second group of claims, Deans alleges that he was assaulted by another inmate on an unidentified date. Am. Compl. at 4. He claims that Chief of Housing and Programs (CHAP) M. Pozeg and Major T. Hall refused to house him in a single cell following the assault and that he remained in the Restorative Housing Unit (RHU) at WRSP for over 16 months thereafter. Id. He claims that Investigators Adair and Fleming failed to conduct a "proper

3

investigation" of the assault or the "onerous conditions" that Deans subsequently experienced in the RHU. Similarly, Deans asserts that Warden Artrip and Assistant Warden Blevins "never conducted a general security check" after being notified of the assault. Id. at 5. In the same section of the complaint, Deans alleges that he requested services from a defendant identified as "Ms. Phillips." Id. at 4.

### C. Other Claims Related to the Restorative Housing Unit

Deans attempts to assert another group of claims against the "JPay Rep" and nine officers assigned to the RHU at WRSP: Correctional Officer Osborne, Correctional Officer Surgener, Sergeant Lewis, Sergeant Cope, Lieutenant Stacy, Correctional Officer Hacker, Case Manager Gibson, Sergeant Caudill, and Correctional Officer Becker. Id. at 6. Deans alleges that the JPay representative failed to synchronize his electronic tablet while he was housed in the RHU. Id. Deans asserts in a conclusory fashion that the correctional officers deprived him of due process; engaged in racial discrimination; acted with deliberate indifference "verbally, physically, [and] mentally"; and denied him "security program housing" and "program privileges." Id.

## II. Legal Standards

### A. Preliminary Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as

4

true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

**B.     Joinder**

"The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading." Simpson v. Youngkin, No. 3:23-cv-00032, 2024 WL 943456, at *2 (E.D. Va. Mar. 5, 2024) (citing Fed. R. Civ. P. 20(a)). Under Rule 20, defendants may be joined in a single action only if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Courts have explained that "Rule 20 permits joinder of 'all reasonably related claims for relief . . . against different parties.'" Courthouse News Serv. v. Schaefer, 2 F.4th 318, 325 (4th Cir. 2021) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). The rule "does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." Sykes v.

5

Bayer Pharms. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (internal quotation marks and alterations omitted).

Although "[m]isjoinder of parties is not a ground for dismissing an action," a district court "may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. Under Rule 21, district courts have "virtually unfettered discretion in determining whether or not severance is appropriate." 17th St. Assocs., LLP v. Markel Int'l Ins. Co., 373 F. Supp. 2d 584, 598 n.9 (E.D. Va. 2005) (internal quotation marks omitted); see also Spencer, White & Prentis, Inc. v. Pfizer, Inc., 498 F.2d 358, 361 (2d Cir. 1974) (recognizing that "justification for severance is not confined to misjoinder of parties"). The rules governing joinder and severance apply with equal force to pro se prisoner cases. Courts have emphasized that "unrelated claims against different defendants belong in separate lawsuits, not only 'to prevent the sort of morass' produced by multi-claim, multi-defendant suits . . . , but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)); see also Daker v. Head, 730 F. App'x 765, 768 (11th Cir. 2018) (explaining that a district court should have exercised its authority to dismiss improper defendants or sever unrelated claims since the pro se plaintiff asserted unrelated claims against unrelated defendants); Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) (emphasizing that "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot").

### III. Discussion

**A. Dismissal of Meal-Related Claims under 28 U.S.C. § 1915A(b)(1)**

6

As summarized above, Deans seeks to hold nine defendants liable under 42 U.S.C. § 1983 for "food service violations." Am. Compl. at 1, 5. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (internal quotation marks omitted).

Deans claims that he was served "unfit" food during his period of incarceration at WRSP. Am. Compl. at 5. Although the amended complaint does not specify what food items Deans believes were unfit for consumption, he submitted copies of grievances complaining of instances in which he received coffee that tasted like dishwater, a rotten banana, spoiled milk, and bland bread.

The court construes the amended complaint to allege that prison officials violated the Eighth Amendment by serving unfit or unsatisfactory food products. The Eighth Amendment protects inmates from cruel and unusual punishment and imposes an affirmative obligation on prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (internal quotation marks omitted). To satisfy the

7

objective component, an inmate must "demonstrate that the deprivation alleged was, objectively, sufficiently serious." Id. (internal quotation marks omitted). "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical injury resulting from the challenged conditions, or a substantial risk of harm resulting from . . . exposure to the challenged conditions." Id. (internal quotation marks omitted). To satisfy the subjective component, "a plaintiff challenging his conditions of confinement must demonstrate that prison officials acted with 'deliberate indifference.'" Id. at 361. A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Put differently, the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew that inference." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 211 (4th Cir. 2017). This is an "exacting standard," which is not met by "mere negligence." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

Applying these principles, the court concludes that Deans's allegations of being served unfit food fail to state a cognizable violation of the Eighth Amendment. "It is well-established that inmates must be provided with nutritionally adequate food, 'prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.'" Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (quoting Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)). However, courts have consistently held that "isolated incidents of spoiled food or occasional and short-lived problems with food service are insufficient to state a cognizable claim under the Eighth Amendment." Muhammad v. Mathena, No. 7:14-cv-00134, 2015 WL 300363, at *2 (W.D. Va. Jan. 22, 2015) (collecting

8

cases); see also Balcar v. Smith, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) ("Isolated exposure to foreign bodies in food, including those of rodents and insects, do not constitute an Eighth Amendment violation."); Buford v. Hicks, 88 F. App'x 274, 275 (9th Cir. 2004) ("[The inmate's] allegations that he was served spoiled milk two days in a row did not rise to the level of an Eighth Amendment violation.").

Here, as in the foregoing cases, Deans appears to complain of isolated incidents of being served unpalatable coffee, bland bread, and spoiled fruit or milk. He does not allege that he suffered a serious or significant injury as a result of the food service issues or that he was subjected to a substantial risk of serious harm. Additionally, the amended complaint is devoid of facts sufficient to show that any of the named defendants actually knew of and disregarded an excessive risk to his health or safety. Consequently, the meal-related claims against defendants Brock, Stallard, Engelke, Farmer, Smith, Fields, Kimberlin, Adair, and Fleming will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Because Deans is proceeding pro se, the court will grant him leave to file a second amended complaint within 30 days if he believes that he can plead additional facts that would state a constitutional claim based on the meals provided during his period of incarceration at WRSP. If Deans chooses to file a second amended complaint in this case, it may only include claims related to food service issues at that facility, and it must describe how each named defendant violated his federal constitutional rights.

**B.  Severance of Remaining Claims under Rule 21**

The remaining claims are asserted against 17 defendants, only two of whom are named in connection with the meal-related issues, and the claims arise from entirely different events—

9

Deans's assault by another inmate and his subsequent confinement in the RHU. Given the number of different defendants and claims, the court concludes that allowing the claims to proceed in a single action would be unwieldy, inefficient, and potentially prejudicial to both sides and that it would effectively allow Deans to circumvent the requirements of the Prison Litigation Reform Act. Accordingly, the court will exercise its discretion to sever the remaining claims into a new and separate action in order to ensure that the claims can be addressed in an efficient and orderly fashion. The new case will be conditionally filed, and Deans will be required to consent to payment of a filing fee, as he has done in this action. He will also be required to file an amended complaint that includes more particularized factual allegations to support his claims arising from the inmate assault and his subsequent confinement in the RHU. If Deans does not wish to proceed with this action or the new action, he may file a motion for voluntary dismissal without prejudice.

**C.     Motion for Appointment of Counsel**

Finally, Deans's motion for appointment of counsel, ECF No. 2, will be denied without prejudice. Although the court has the discretion to request an attorney to represent an indigent plaintiff, it must do so only when "exceptional circumstances" are present. See Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024) (citing Whisenant v. Yuam, 739 F.2d 160, 162 (4th Cir. 1984)). To determine whether a case presents exceptional circumstances, courts conduct a two-part inquiry. Id. "That inquiry requires the court to determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" Id.

10

(quoting Whisenant, 739 F.2d at 162). "If both questions are answered affirmatively, the case presents exceptional circumstances." Id.

Having considered the relevant factors, the court concludes that appointment of counsel is not warranted at this time. Even assuming that Deans has colorable claims for relief, the claims do not appear to be so complex to require the appointment of counsel, and Deans has not identified any particular circumstances that would require the appointment of counsel at this early stage of the proceedings. See Jenkins, 109 F.4th at 249 ("[Legal] inexperience and incarceration alone do not warrant appointment of counsel"); see also Mpoy v. Montgomery Cnty., MD, No. 23-1927, 2024 WL 2703143, at *2 (D. Md. Apr. 26, 2024) (finding that the circumstances described by a pro se plaintiff did not warrant appointing counsel before the complaint had been served on the defendants). Accordingly, Deans's motion for appointment of counsel will be denied without prejudice. If circumstances arise in the future that would justify appointment of counsel, Deans may renew his request.

### IV. Conclusion and Order

For the reasons set forth above, it is hereby **ORDERED** as follows:

1. The claims asserted in the amended complaint are hereby **SEVERED** into separate civil actions for all future proceedings, as described below.

2. The present case, No. 7:24-cv-00480, shall consist solely of the meal-related claims asserted against defendants Brock, Stallard, Engelke, Farmer, Smith, Fields, Kimberlin, Adair, and Fleming. The Clerk shall terminate all other defendants as parties to this action.

3. The meal-related claims are **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. If Deans believes that he can plead additional facts that would state a constitutional claim based on the meals provided during his period of incarceration at WRSP, he may file a second amended complaint in the present case within 30 days. If a second amended complaint is not filed within 30 days, the Clerk is **DIRECTED** to strike this case from the court's active docket.

4. The Clerk is **DIRECTED** to conditionally file a copy of the amended complaint, ECF No. 5, and the accompanying exhibits in a new and separate civil case that shall include the claims arising from Deans's assault by another inmate and his subsequent confinement in the RHU. The Clerk shall list the following individuals as defendants in the new case: CHAP M. Pozeg, Major T. Hall, Investigator Adair, Investigator Fleming, Warden Artrip, Assistant Warden Blevins, Ms. Phillips, Unknown JPay Rep, Correctional Officer Osborne, Correctional Officer Surgener, Sergeant Lewis, Sergeant Cope, Lieutenant Stacy, Correctional Officer Hacker, Case Manager Gibson, Sergeant Caudill, and Correctional Officer Becker.

5. In the new case, the Clerk shall file a copy of this memorandum opinion and order as an attachment to the complaint. The Clerk shall also docket a copy of the prisoner trust account and statement of assets filed in this case, ECF Nos. 3 and 11.

6. The new case will be conditionally filed, and a separate conditional filing order will be entered. Deans will be required to consent to the collection of a filing fee in the new case through installment payments from his inmate trust account. The amount of the required initial payment will be the same in the new case as it was in this case: $18.75. Deans will also be required to file an amended complaint that includes more particularized factual allegations to support his claims arising from the inmate assault and his subsequent confinement in the RHU. Failure to comply with the conditional filing order will result in the dismissal of the new case without prejudice.

The Clerk is directed to send a copy of this memorandum opinion and order to Deans, along with a copy of the docket sheet in both cases.

It is so **ORDERED**.

Entered: January 16, 2025

Mike Urbanski
Senior U.S.District Judge
2025.01.16 10:02:49
-05'00'

Michael F. Urbanski
Senior United States District Judge