CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONSHEA O. DEANS, SR.,** ) | |
|    Plaintiff, ) | Case No. 7:24-cv-00480 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **JEFFREY ARTRIP, et al.,** ) | Senior United States District Judge |
|    Defendants. ) | |

## MEMORANDUM OPINION

Donshea O. Deans, Sr., a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. On January 17, 2025, the court screened Deans's amended complaint under 28 U.S.C. § 1915A(a). The court dismissed his meal-related claims without prejudice for failure to state a claim upon which relief may be granted and severed the remaining claims into separate actions. See Mem. Op & Order, ECF No. 18. The court gave Deans the opportunity to file a second amended complaint within 30 days if he believed that he could plead additional facts that would state a constitutional claim based on the meals provided during his period of incarceration at Wallens Ridge State Prison. Id. at 12. In response, Deans filed a 99-page handwritten document that was docketed as a motion to amend, along with 67 pages of grievance records from Wallens Ridge and Red Onion State Prison. For the following reasons, the motion to amend is **DENIED** as futile, and the action is **DISMISSED** without prejudice.

### I.    Standard of Review

A plaintiff may amend a complaint "once as a matter of course" before the defendants file a responsive pleading. Fed. R. Civ. P. 15(a)(1). After that time, a plaintiff may amend the

complaint only with the defendants' consent or the court's leave. Id. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), courts may deny leave to amend if doing so would be futile. Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 228 (4th Cir. 2019). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." Id. (internal quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks and brackets omitted).

## II.  Discussion

Having reviewed the pending motion to amend, the court concludes that the proposed amendments are plainly futile. The motion does not address the pleading deficiencies identified in the court's previous decision or otherwise present any claims that would survive a motion to dismiss. Instead, it includes over 90 pages of impossible-to-follow sentence fragments and scattershot references to various constitutional rights, including "freedom of speech and association," "the right to use worship," "the right to be free from unreasonable

2

searches and seizures," "the right to privacy," "procedural due process rights," "the right to be free from discrimination," "the right to use the courts," and "the right to humane living conditions" and "adequate medical care." Pl.'s Mot. to Amend, ECF No. 19, at 17, 56–57. It also includes quotations from Deans's criminal judgment and multiple references to the "golden handshake," "golden handcuffs," and the "golden parachute." Id. at 6–10, 32, 34, 95.

While pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se plaintiff, like any other litigant, must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 555). And to survive a motion to dismiss, a pro se complaint "must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted). Deans's submissions do not satisfy these pleading requirements. His conclusory references to various constitutional rights and employment terms do not suffice to state a plausible claim for relief against any of the defendants. Because the proposed amendments are clearly insufficient and would not survive a motion to dismiss, granting leave to amend would be futile. See Iqbal, 556 U.S. at 678.

### III.   Conclusion

For the reasons stated, Dean's motion to amend, ECF No. 19, is **DENIED**. Because no claims remain pending, the action will be **DISMISSED** without prejudice.* An appropriate order will be entered.

Entered: August 5, 2025

Michael F. Urbanski
U.S. District Judge
2025.08.05 10:17:45
-04'00'

Michael F. Urbanski
Senior United States District Judge

---

* As noted above, Deans submitted more than 60 pages of original grievance records with his motion to amend, many of which pertain to incidents that allegedly occurred at a different prison. In an abundance of caution and because Deans is proceeding pro se, the court will direct the Clerk to return the original grievance records to Deans.

4